UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RUDOLPH DICK,

                       Petitioner,                  **MEMORANDUM & ORDER**
                                                                                 09-CV-0339 (MKB)

          v.

MARK BRADT,

                       Respondent.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Rudolph Dick, proceeding *pro se*, brings the above-captioned petition for habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claim arises from a judgment of conviction after a jury trial for manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the second degree. Petitioner was sentenced to twenty-five years of imprisonment. Petitioner appealed his conviction to the New York Supreme Court Appellate Division, Second Department ("Appellate Division"), claiming that: (1) he was denied due process and a fair trial by the prosecutor's summation, and (2) that the sentence was harsh and excessive. The Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Dick*, 852 N.Y.S.2d. 334 (App. Div. 2008). The New York Court of Appeals denied leave to appeal. *People v. Dick*, 10 N.Y.3d 839 (2008). Petitioner moved in New York Supreme Court, Kings County, to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law § 440.10, claiming that he was denied effective assistance of trial counsel. The court denied Petitioner's motion to vacate the judgment of conviction. (*People v. Dick*, Ind. No. 8822/03 (Sup. Ct. May 28, 2008) ("State Court 440 Decision"), annexed to Petition at ECF 20–

21.) Thereafter, Petitioner moved for a writ of error *coram nobis*, claiming that his appellate counsel was ineffective for not arguing on appeal that trial counsel was ineffective. *People v. Dick*, 864 N.Y.S.2d 326 (App. Div. 2008). The motion was denied. *Id*. The New York Court of Appeals denied leave to appeal the Appellate Division's denial of the writ of error *coram nobis*. *People v. Dick*, 11 N.Y.3d 897 (2008). In the instant application, Petitioner asserts that (1) he received ineffective assistance of appellate counsel on his direct appeal, (2) he had ineffective trial counsel and (3) he was denied a fair trial by the prosecution's summation. For the reasons set forth below, the petition is denied.

## I. Background

### a. Incident and arrest

The evidence at trial established that on December 8, 2003, at approximately 2:30 p.m., Petitioner and two friends, co-defendants Jamal Ross and Kenneth Eastwood, approached a group of acquaintances, including the deceased Jason Harewood, Jason Blackman and several others, in front of a video store on Church Avenue in Brooklyn, New York. (Trial Transcript ("Tr.") (Resp't Aff. Exs. 19–31) 134:18–148:18; Respondent's Brief in opposition to Defendant-Appellant's direct appeal ("Resp't Appellate Br.") Resp't Appellate Br. 3.) Petitioner and Harewood, who had been involved in previous confrontations, "exchanged words" and "a second later" Petitioner and one of his friends began shooting at the group of acquaintances. (Tr. 142:4–145:21; Resp't Appellate Br. 4.) Harewood was shot six times and died instantly. (Tr. 111:9–112:22, 302:21–303:1, 308:14–317:2; Resp't Appellate Br.) 3, 6.) Blackman sustained injuries to his hand and hip, and at the hospital later that day, he told two New York City Police detectives that Petitioner was the shooter. (Tr. 147:4–18, 155:22–156:9; Resp't Appellate Br. 6; Brief of Defendant-Appellant is support direct appeal ("Pet'r Appellate Br.") 5.) The police

investigation showed that Harewood and his friends were unarmed and fired no shots at the time of the shooting. (Tr. 85:2–15, 117:8–15, 121:1–19, 146:19–147:3.)

### b. Charges and trial

Petitioner was apprehended on December 11, 2003 and taken to the local precinct where, after receiving a *Miranda* warning, he was questioned by Detective Henn. (Tr. 239:1–247:12, 250:13–254:13; Resp't Appellate Br. 7; Pet'r Appellate Br. 6.) Petitioner initially denied any involvement in the shooting, but eventually stated that he shot Harewood because he feared Harewood due to past confrontations in which Harewood shot at Petitioner. (Tr. 254:14–258:6; Resp't Appellate Br. 9; Pet'r Appellate Br. 6–7.) While Petitioner was in custody, the District Attorney conducted a videotaped interview in which Petitioner made a statement admitting to the shooting. (Tr. 44:5–46:24; Resp't Appellate Br. 8; Pet'r Appellate Br. 6.)

Petitioner was charged with two counts of murder in the second degree, one count of attempted murder in the second degree, two counts of assault in the first degree, four counts of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. At trial, the People presented evidence outlining the events of the evening of December 8, 2003, and played Petitioner's videotaped confession. (Tr. 44:5–46:24.) Blackman testified that he knew Petitioner prior to the shooting and that Petitioner shot him and Harewood. (Tr. 134:18–148:18.) Petitioner testified on his own behalf and discussed his prior altercations with Harewood. (Tr. 376:3–388:11.) Petitioner testified that he had acted out of self-defense, although he had not seen Harewood with a gun. (Tr. 386:15–388:14.) Petitioner's younger brother, who was 13 years old at the time of the trial, testified that he saw two men shoot at his brother in August of 2003, consistent with Petitioner's testimony as to the time period he was shot by Harewood. (Tr. 497:19–500:20; Pet'r Appellate Br. 8.) During summation, the prosecutor claimed that Petitioner lied during his trial testimony and "had

3

problems with people," referring to Petitioner's father. (Tr. 583:2–584:2, 586:3–586:16, 590:1–593:3; Pet'r Appellate Br. 12–14.) The prosecutor also stated that the People's witnesses had no reason to lie and that Petitioner should be convicted to keep the community safe. (Tr. 588:5–14, 593:4–596:17.)

### c. Jury verdict and sentence

Petitioner was found guilty of first degree manslaughter, assault in the first degree, and criminal possession of a weapon in the second degree. (Tr. 649:7–16; Resp't Aff. ¶ 7.) He was sentenced to consecutive terms of imprisonment of twenty years for manslaughter and five years for assault, for a total term of twenty five years. (Sentencing Proc. 18:15–19:2; Resp't Aff. ¶ 8.) He was also sentenced to a concurrent term of imprisonment of three-and-one-half years for possession of a weapon. (Sentencing Proc. 18:15–19:2; Resp't Aff. ¶ 8.)

### d. Appeals

Petitioner appealed the judgment of conviction to the Appellate Division, claiming: (1) prosecutorial misconduct during the prosecution's summation denied him a fair trial; and (2) that the sentence imposed on him was harsh and excessive. (Pet'r Appellate Br. 16–27.) The Appellate Division affirmed the judgment of conviction and sentence. *Dick*, 852 N.Y.S.2d. at 334. The Appellate Division held that Petitioner's claim that the prosecutor's summation deprived him of a fair trial was unpreserved for appellate review, as Petitioner "failed to object or raised only general objections to the prosecutor's summation remarks." *Id*. at 335. The Appellate Division added that "in any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation." *Id*. The court also concluded that "[t]he sentence imposed was not excessive." *Id*. (citing *People v. Suitte*, 455 N.Y.S.2d 675 (App. Div. 1982)). The New York Court of Appeals denied Petitioner leave to appeal on April 15, 2008. *Dick*, 10 N.Y.3d at 839.

### e. New York Criminal Procedure Law § 440.10 motion

While appealing his conviction, Petitioner moved in New York Supreme Court, Kings County to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law § 440.10, claiming that he was denied effective assistance of trial counsel because his trial counsel: (1) failed to call Jamal Ross, who was at the scene with Petitioner, as a defense witness; (2) failed to request a missing witness charge when Ross was not called as a trial witness by the People; (3) failed to confront Blackman, who was at the scene and a friend of Harewood's, on cross-examination with a statement he made to a detective that Petitioner had "a beef" with the victim prior to the incident; (4) failed to call Detective Carey to testify that he had learned from Blackman that Harewood and Petitioner were in a quarrel; and (5) failed to challenge the adequacy of the court's justification instruction to the jury ("the 440 motion"). (Pet'r 440 Aff. ¶¶ 21–32, Resp't Aff. ¶ 13.)

The Honorable Alan Marrus denied Petitioner's motion to vacate the judgment of conviction. (State Court 440 Decision.) The court held that the issues raised were "substantively reviewable from the record at trial . . . and could have been raised as an issue on the judgment appeal," and therefore could not be reviewed in collateral attack. (*Id.* at 1.) The court found that "moreover," Petitioner's claims of ineffective assistance of counsel were "meritless," as (1) Ross' account of what happened was materially inconsistent with other witnesses, and both prosecutor and defense counsel had good reason not to call him as a witness; (2) Blackman's prior statement was hearsay and inadmissible at trial; and (3) the justification charge expressly stated that the jury must acquit if it found that the People failed to disprove justification beyond a reasonable doubt. (*Id.* at 2.) Petitioner filed a motion to appeal the court's order denying the 440 motion pursuant to New York Criminal Procedure Law § 450.20. (Pet'r 450 Mot.) The

5

Appellate Division denied the motion. *People v. Dick*, Ind. No. 8822/03 at 1 (App. Div. Sept. 5, 2008).

Petitioner moved for a writ of error *coram nobis*, claiming that his appellate counsel was ineffective for "failing to argue that trial counsel was ineffective because, among other things, trial counsel failed to take exception to the court's erroneous jury charge on justification and the illegal conviction for manslaughter." (Pet'r Aff. Coram Nobis ¶¶ 7–25; Resp't Aff. ¶ 15.) The Appellate Division held that "appellant . . . failed to establish that he was denied the effective assistance of appellate counsel." *Dick*, 864 N.Y.S.2d at 326. The New York Court of Appeals denied leave to appeal that decision. *Dick*, 11 N.Y.3d at 897.

Petitioner filed the instant petition on January 21, 2009, claiming that (1) he received ineffective assistance of appellate counsel on his direct appeal, (2) he had ineffective trial counsel and (3) he was denied a fair trial by the prosecution's summation. (Pet. 15–17.)

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see also Johnson v. Williams*, 568 U.S. ---, ---, 133 S.Ct. 1088, 1091 (2013); *Lafler v. Cooper*, 566 U.S. ---, ---, 132 S. Ct. 1376, 1390 (2012).

6

For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Ineffective assistance of appellate counsel

Petitioner claims that his appellate counsel was ineffective for "failing to argue that his trial counsel was ineffective because, among other things, trial counsel failed to take exception to an erroneous jury charge on justification, and an illegal conviction for manslaughter."[1] (Pet. 15.) Petitioner argues that the jury instruction improperly suggested that the jury should consider his justification defense only with respect to the charge of murder, and not separately and with respect to each and every charge. (*Id.*) Petitioner argues that as a result of this improper charge, he was "wrongly convicted of manslaughter as a lesser included offense," where "the evidence failed to show that petitioner intended to cause serious physical injury resulting in the victim's

---

[1] Although the petition makes reference to "other things," it does not identify any other examples of trial counsel's ineffectiveness.

7

death." (*Id.*) Petitioner presented his claim of ineffective assistance of appellate counsel to the state court in his 440 motion, and the state court found that Petitioner "failed to establish that he was denied the effective assistance of appellate counsel." *Dick*, 864 N.Y.S.2d at 326. The state court determination was not contrary to or an unreasonable application of clearly establish law.

In order to prove ineffective assistance of appellate counsel, a petitioner must show (1) "that counsel's performance was deficient" and (2) "that the deficient performances prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (noting that "[a]lthough it was born in the context of ineffective assistance of trial counsel, *Strickland's* two-prong test applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right" (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985))); *Castro v. United States*, --- F. Supp. 2d. ---, ---, 2014 WL 320476, at *11 (E.D.N.Y. Jan. 29, 2014) ("The two-prong *Strickland* test applies to the evaluation of appellate counsel as well as trial counsel.").

To establish that appellate counsel's performance fell below an objective standard of reasonableness, a reviewing court must determine "whether appellate counsel failed to present significant and obvious issues on appeal." *Figueroa v. Heath*, No. 10-CV-0121, 2011 WL 1838781, at *25 (E.D.N.Y. May 13, 2011) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* "A petitioner must show more than counsel's failure to raise a non-frivolous argument, as counsel is required to use professional judgment when deciding to concentrate on a few key issues while eliminating weaker arguments, and is not required to advance every argument, regardless of merit, urged by the petitioner." *Baptiste v. Ercole*, 766 F. Supp. 2d 339, 366–67 (N.D.N.Y. 2011) (citing *Evitts*,

469 U.S. at 394)); *see also John v. New York*, No. 12-CV-1944, 2013 WL 6487384, at *17 (S.D.N.Y. Nov. 25, 2013) (noting that appellate counsel "need not advance every argument, regardless of merit, urged by the appellant" (quoting *Evitts*, 469 U.S. at 394)).

  Here, Petitioner's appellate counsel did not fail to present a "significant and obvious" issue on appeal by not raising trial counsel's ineffectiveness. Justice Marrus, reviewing Petitioner's 440 motion, found that Petitioner's claim of ineffective assistance of trial counsel as to the jury instruction was "meritless" because the jury instruction expressly stated that if the People failed to disprove justification beyond a reasonable doubt, the jury must find Petitioner not guilty of the murder, manslaughter and assault charges. (State Court 440 Decision; *see also* Tr. 628:9–633:4, 642:14–20 (instructing the jury that if the People failed to establish that Petitioner did not act in self-defense, then "you must find that the defendant acted in self-defense and find him not guilty of the murder, manslaughter, and assault charges").) Thus, the jury instruction did not incorrectly state the elements of Petitioner's justification defense, and trial counsel therefore had no basis for raising an objection and did not act unreasonably. Likewise, because the jury was properly instructed that if it found that Petitioner had acted in self-defense, it must find Petitioner not guilty of the murder, manslaughter, and assault charges, trial counsel rightfully did not object to manslaughter as a lesser included offense. In light of Justice Marrus's finding, in the 440 decision, that trial counsel was not ineffective for failing to object to the jury instruction on justification and to request dismissal of the manslaughter conviction, the Appellate Division's finding, in denying Petitioner's writ of error *coram nobis*, that Petitioner's appellate counsel was not ineffective for failing to raise trial counsel's ineffectiveness was not unreasonable. *See Castro*, 2014 WL 320476, at *12 (finding that where "none of the Petitioner's

claims support a finding of ineffective assistance of trial counsel, . . . the appellate counsel's failure to raise these claims cannot be deemed constitutionally deficient").

Even assuming *arguendo* that appellate counsel unreasonably failed to present the ineffective assistance of trial counsel claim on direct appeal, it cannot be said that but for appellate counsel's failure to raise the alleged ineffective assistance of trial counsel that the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 688 (holding that, to prevail on an ineffective assistance of counsel claim, litigants must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *see also Pignataro v. Poole*, 381 F. App'x. 46, 50 (2d Cir. 2010) ("[E]ven if appellate counsel was deficient in failing to perfect the direct appeal, such deficiency did not prejudice Appellant" because the error was harmless and did not affect the final outcome.). Petitioner argues that the jury should have been instructed that "a finding of not guilty of the greater charge of murder because of justification precludes the jury from considering the lesser charge of manslaughter." (Pet. 15.) The jury was instructed that if they found that Petitioner had acted in self-defense, they must acquit Petitioner of the charges of murder, manslaughter and assault. Petitioner theorizes that the jury found him not guilty of murder because of justification and therefore erred in finding him guilty of the manslaughter charge. (*Id*.) Petitioner has no support for this theory. In light of the fact that the jurors were correctly instructed that if they found that Petitioner was justified in the shooting, they must acquit him of all the homicide charges, appellate counsel's decision not to argue ineffectiveness of trial counsel for failing to object to a correct jury instruction is harmless. In light of these facts, the state court's determination that Petitioner's appellate counsel was not ineffective was not an unreasonable finding.

10

Petitioner does not directly argue that appellate counsel was ineffective for failing to argue that trial counsel was ineffective in failing to call two witnesses or to obtain a missing witness charge, and the Court notes that such a claim was not exhausted in state court.[2] However, even if Petitioner had presented a properly exhausted claim that appellate counsel was ineffective for failing to raise these arguments, the claim would be without merit as Petitioner cannot establish that his trial counsel was ineffective in failing to call two witnesses or to obtain a missing witness charge. Petitioner argues that, prior to trial, Ross "testified via videotape," that on the date of the incident, Ross was returning home from work when he observed three of his friends, including Petitioner, surrounded by a group of boys, and saw "someone grab [P]etitioner, and [P]etitioner turned around and started shooting." (Pet. 16.) Petitioner notes that Ross was on the state's witness list to testify, but was not called to testify, and defense counsel did not request a missing witness charge, or call Ross to the stand. (*Id.*) Petitioner also argues that counsel's failure to call Detective Carey to the witness stand constitutes ineffective assistance, as Carey had prepared a police report indicating that he had learned from Blackman that the victim, Harewood, had a "beef" with Petitioner. (*Id.*)

Petitioner presented his claim that trial counsel was ineffective in failing to call Ross or Detective Carey as witnesses or obtain missing witness charges to the state court in his 440 motion, and the court found that this claim was "meritless," as Ross' account of what happened

---

[2] Petitioner's affidavit in support of his application to the state court for a writ of error *coram nobis* argued that his appellate counsel was ineffective for "failing to argue that trial counsel was ineffective because, *among other things*, trial counsel failed to take exception to the court's erroneous jury charge on justification and the illegal conviction for manslaughter." (Pet'r Aff. Coram Nobis ¶¶ 7–25 (emphasis added); Resp't Aff. ¶ 15.) As with this petition, the Petitioner did not present legal arguments on any specific examples of trial counsel's deficient performance in that brief. (*See* Pet'r Aff. Coram Nobis ¶¶ 7–25; *People v. Dick*, 864 N.Y.S.2d 326).

11

"appears to have been materially inconsistent with the versions of defendant and another witness," giving both the prosecutor and defense counsel a good reason not to call Ross to the stand. (State Court 440 decision 2.) Indeed, to the extent that Ross' prior testimony contradicts Petitioner's testimony stating that Petitioner was with Ross when they ran into Harewood, (*see* Tr. 384:1–25), it was not unreasonable for counsel to decide not to call Ross to the stand. *See Washington v. Graham*, No. 10-CV-0449, 2011 WL 3610107, at *8 (W.D.N.Y. Aug. 16, 2011) (finding that trial counsel was not ineffective in failing to call two witnesses to testify where "trial counsel could have reasonably concluded that [the witnesses] would not have been credible witnesses"). In any event, "an attorney's decision whether to call specific witnesses — even ones that might offer exculpatory evidence — is ordinarily not viewed as a lapse in professional representation." *United States v. Betancur*, 84 F. App'x 131, 135 (2d Cir. 2004) (citing *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000)). Because Ross' testimony conflicted with Petitioner's, trial counsel's failure to request a missing witness charge was not unreasonable.

Petitioner's argument that counsel's failure to call Detective Carey to the stand constituted ineffective assistance of counsel is also without merit. Any statement by Carey regarding what he learned from Blackman about Harewood's statements to Blackman would have been inadmissible hearsay and thus, counsel's failure to call Carey to the stand to elicit such information does not comprise ineffective assistance of counsel. Similarly, counsel's failure to cross-examine Blackman on the stand to elicit this inadmissible statement was not unreasonable.

Petitioner cannot show that trial counsel was ineffective in failing to call two witnesses or to obtain a missing witness charge. Therefore, the state court's determination that there was no merit to Petitioner's claim that appellate counsel was ineffective for raising these claims was not unreasonable nor contrary to clearly established law.

### c. Trial counsel's failure to call witnesses or obtain missing witness charge

Petitioner claims that his trial counsel was ineffective and his right to present a complete defense was impaired by his trial counsel's failure to call two fact witnesses, and to request a missing witness charge.[3] (Pet. 16.) Respondent argues that Petitioner's claims are procedurally barred because the final state court determination of those claims was based on adequate and independent state law grounds. (Resp't Aff. 1–2.) The Court agrees with Respondent. While Petitioner failed to raise these grounds on direct appeal, he raised them as two of the five grounds in his affidavit in support of the 440 motion to vacate the judgment of conviction, which was denied by the King's County Supreme Court. (Pet'r 440 Aff. 21–32; State Court 440 Decision at 1.) The court held that such claims "could have been raised as an issue on the judgment appeal" and were therefore barred from collateral review. (State Court 440 Decision at 1 (citing N.Y. Crim. Pro. L. 440.10(2)(c)).)

Federal courts are generally not permitted to "review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999)). Under New York law, claims that are not raised on direct appeal may not be raised on collateral review when "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion." N.Y. Crim. Pro. L. § 440.10

---

[3] As noted *supra* in part II.b, it is unclear whether Petitioner is also arguing that appellate counsel was ineffective for raising this issue on appeal.

(2)(c); *People v. Mobley*, 873 N.Y.S.2d 736, 737 (App. Div. 2009) (affirming county court denial of § 440.10 motion to vacate conviction where "the defendant failed to raise this claim on his direct appeal from the judgment, and the record presented sufficient facts to have permitted adequate appellate review of that claim"); *People v. Smith*, 703 N.Y.S.2d 616, 617 (App. Div. 2000) ("[A]lthough sufficient facts appear on the trial record to have permitted adequate appellate review of the contention that defendant was denied effective assistance of counsel, he unjustifiably failed to raise that contention on his appeal from the judgment of conviction.").

The state court's finding that Petitioner's claims were procedurally defaulted by his failure to raise the issues on direct appeal is based on an adequate and independent state law ground for the denial of the claims thereby precluding habeas review. *See Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (holding that procedural default under 440.10(2)(c) provides an adequate and independent state procedural bar to federal habeas petition); *Thompson v. Artus*, No. 10-CV-1443, 2013 WL 6408354, at * 7 (E.D.N.Y. Dec. 6, 2013) ("Procedural default under § 440.10(2) is generally considered an adequate and independent state ground barring habeas review." (citing *Sweet v. Bennett*, 353 F.3d 135, 139–41 (2d Cir. 2003) and *Clark*, 510 F.3d at 391)).

A federal court may review a claim that is procedurally barred by an independent and adequate state law ground if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 729; *see also Trevino v. Thaler*, 569 U.S. ---, ---, 133 S. Ct. 1911, 1917 (2013) ("The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice

from a violation of federal law." (alterations and citation omitted)); *Cotto v. Herbert*, 331 F.3d 217, 239 n.10 (2d Cir. 2003) ("[A] habeas petitioner may also bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." (quoting *Dunham v. Travis*, 313 F.3d 724, 729 (2d Cir. 2002))).

In his reply brief, Petitioner argues that the ineffectiveness of his appellate counsel constitutes cause and prejudice. (Pet'r Reply 1.) Ineffective assistance of counsel can constitute "cause" to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Jones v. Armstrong*, 367 F. App'x 256, 257 (2d Cir. 2010) (citing *Murray*, 477 U.S. at 488). As discussed *supra* in part II.c., Petitioner cannot establish that appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel as to these two issues, as the argument that trial counsel was ineffective in failing to call witnesses or to obtain a missing witness charge was presented to the state court in Petitioner's 440 motion, and the state court found Petitioner's ineffective assistance of trial counsel claim to be meritless.[4] (State Court 440 decision at 2); *see*

---

[4] Furthermore, while Petitioner presented a claim of ineffective assistance of appellate counsel claim to the state courts through his application for a writ of error *coram nobis*, the only claims he presented were that appellate counsel was ineffective in failing to raise trial counsel's failure to take exception to an erroneous jury charge on justification and an illegal conviction for manslaughter. Although Petitioner made reference to "other things" that exemplified trial counsel's ineffectiveness, he did not present any legal argument in support of any other examples of trial counsel's ineffectiveness. However, in order to constitute "cause," the ineffectiveness of counsel must first be established to be "of Constitutional dimensions," which in turn requires exhaustion in state court. *See Edwards*, 529 U.S. at 451 ("A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (citing *Murray*, 477 U.S. at 489 (alteration and internal quotation marks omitted))); *DiSimone v. Phillips*, 461 F.3d 181, 191 (2d Cir. 2006) (ineffective assistance of counsel claims "cannot constitute 'cause' for procedural default unless first presented in state court as an independent constitutional claim" (citing *Edwards*, 529 U.S. at 451–52)); *Williams v. Artus*, No. 11-CV-5541, 2013 WL 4761120, at *26 (E.D.N.Y. Sept. 4, 2013) (noting that "ineffective assistance adequate to establish cause for the procedural default

*Grant v. Woods*, 313 F. App'x. 376, 377 (2d Cir. 2009) (holding that habeas corpus petitioner cannot show prejudice to meet the cause prejudice test where petitioner "cannot show that his trial counsel's performance fell below an objective standard of reasonableness"); *Garcia v. Graham*, No. 11–CV–0870, 2012 WL 2921624, at *7 (W.D.N.Y. July 17, 2012) ("Petitioner's stand-alone ineffective assistance of counsel claim on this basis is meritless . . . and thus cannot constitute cause for the default."). In addition, Petitioner has not shown a miscarriage of justice as he has not proffered any new evidence to show his innocence. Therefore, his claim that his trial counsel was ineffective for failing to call two fact witnesses and for failing to obtain a missing witness charge is procedurally barred.

### d. Prosecutor's summation

Petitioner claims that he was denied a fair trial by the prosecutor's summation, which characterized Petitioner as a young man who had "problems with people," told the jury that he was lying, and that the People's witness had no reason to lie. (Pet. at 16–17.) This claim was raised in Petitioner's direct appeal. (Pet'r Appellate Br. 16–23.) The Appellate Division held that Petitioner's "contention that the prosecutor's summation deprived him of a fair trial is unpreserved for appellate review, since [Petitioner] failed to object or raised only general objections to the prosecutor's summation remarks." *Dick*, 852 N.Y.S. 2d. at 334. It is well-settled that New York's contemporaneous objection rule is an adequate and independent bar to federal habeas review. *See, e.g.*, *Whitley*, 642 F.3d at 292 (concluding that contemporaneous

---

of some *other* constitutional claim is *itself* an independent constitutional claim," and "the principles of comity and federalism that underlie our longstanding exhaustion doctrine . . . require *that* constitutional claim, like others, to be first raised in state court" (quoting *Edwards*, 529 U.S. at 451)). Without having first presented to the state courts the claim that appellate counsel was ineffective for failing to raise on appeal his trial counsel's failure to call two witnesses to the stand and to request a missing witness charge, Petitioner cannot establish that ineffectiveness of appellate counsel constitutes cause to excuse his procedural default before this Court.

objection rule is an adequate and independent state ground for Appellate Division's affirmation of habeas petitioner's conviction "and therefore sufficient to foreclose federal habeas review of the unpreserved claim"); *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) (finding that contemporaneous objection rule "constitutes an independent ground for disposing of [the petitioner's] claim, and that the rule was firmly established and regularly followed"); *Garcia*, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); *see also Brown v. Martuscello*, No. 12-CV-0054, 2014 WL 415950, at *6 (E.D.N.Y. Feb. 4, 2014) (finding that the appellate division's decision that petitioner's claim of prosecutorial misconduct during summation was not preserved for appellate review because of counsel's failure to object comprised adequate and independent state ground barring federal habeas relief); *Gadsden v. Lee*, No. 12-CV-4204, 2013 WL 3938500, at *5 (E.D.N.Y. July 30, 2013) (finding that failure to object to improper prosecutor statements during opening comprised adequate and independent state ground barring federal habeas review).

As discussed above, because Petitioner's claim is procedurally barred by an independent and adequate state law ground, this Court can review this claim only if Petitioner can show cause for the default, actual prejudice, or that failure to consider this claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 729. In his reply brief, Petitioner argues that the ineffectiveness of his appellate counsel constitutes cause and prejudice. (Pet'r Reply 1.) Petitioner did not exhaust his claim that appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness in failing to object to the prosecutor's summation. Moreover, this argument is without merit because, as the Appellate Division observed, "most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation." *Dick*, 852 N.Y.S.2d at 334. Thus, Petitioner could not show

17

that trial counsel's conduct fell below an objective standard of reasonableness in failing to object to specific statements in the prosecutor's summation, nor that he was prejudiced by said failure to object. *See Garcia*, 2008 WL 2949383, at *13 (finding that none of the prosecutor's challenged statements during summation were "so flagrant or pervasive as to deny [him] a fair trial" (alteration in original) (quoting *People v. Applewhite*, 856 N.Y.S.2d 230, 231 (2008)). Nor can Petitioner show that failure to consider this claim would result in a fundamental miscarriage of justice. As discussed above, Petitioner has offered no evidence to establish his actual innocence. Therefore, Petitioner's claim that the prosecutor's summation denied him a fair trial is procedurally barred from review.

### III. Conclusion

For the foregoing reasons, the petition for habeas corpus is denied and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: May 29, 2014
Brooklyn, New York